UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| Christiana Trust, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-15-2578 |
| Diane M. Sirls, | § § § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1.  *Introduction.*

    A borrower did not pay her mortgage, and the holder – Christiana Trust – sued. The house was foreclosed and sold to someone else. The borrower claims fraud, intentional infliction of emotional distress, and violations of the Fair Debt Collection Practices Act. She will take nothing.

2.  *Background.*

    On November 12, 2002, Diane M. Sirls borrowed $32,000 from the Bank of America, N.A., to use her equity in the house. Sirls signed a promissory note that was secured by a deed of trust and a vendor's lien. On September 2, 2010, Sirls stopped paying.

    On November 23, 2010, the United States Bankruptcy Court for the Western District of Oklahoma discharged Sirls's unsecured debts. On June 7, 2013, a Texas court ordered the home-equity foreclosed; the bank never foreclosed. The trust acquired the note and sued to enforce its lien, obtaining an order of foreclosure from this court on December 9, 2015.

    Sirls argues that because the debt was discharged in her bankruptcy case, the trust should not have been allowed to foreclose. Sirls also says that she was subject to a campaign of harassment by mail and telephone from America, Ocwen Loan Serving, LLC, and Servis One, Inc., after the discharge.

3.  *Fraud.*

    Sirls has no claim for fraud or violation of a discharge injunction. Despite this court's order of foreclosure – and later rejection of her objections – Sirls inexplicably

continues to argue that the debt has been discharged. She is precluded from requesting a contradictory ruling.

The trust's knowledge of Sirls's bankruptcy and America's foreclosure are facts that do not support Sirls's claim. To establish fraud, Sirls must show that America intentionally made false representations about material facts to mislead her, and that she relied on those representations to her detriment. The trust made no false representation because its lien was unaffected. Liens and other secured interests survive bankruptcy.[1] Sirls owed the trust, and she did not pay. The discharge simply did not do what she says it did. Sirls will take nothing on her fraud claim.

4. *Intentional infliction of emotional distress.*

Sirls makes no effort to demonstrate how her evidence establishes this claim. The only evidence she presents is an affidavit with vague but lurid assertions lacking any usable facts, like dates of the calls or the names of the persons who called her.

Sirls provides no evidence from medical people to indicate that she sought help for weight gain, heart palpitations, hair loss, bowel trouble, or thoughts of suicide because of collector misconduct. Nothing indicates that the trust abused her. Sirls offers no facts to establish that what she says America, Ocwen or Servis One did was done in service to the trust. In her affidavit, Sirls merely assumes that all contacts from these companies relate to the trust and the loan, but conclusory assertions cannot be used in an affidavit on summary judgment.[2] Such assertions simply beg the question. She was in debt before her bankruptcy and may well have been afterward. Regardless, Sirls does not and cannot connect these contacts to the trust.

She has no data indicating the trust engaged in extreme or outrageous conduct, or that she suffered emotional distress, or that the distress was severe. From what Sirls does describe, the trust did nothing but complete a transaction she began in 2002.

5. *Debt collection.*

Sirls's claim for violation of the Fair Debt Collection Practices Act also collapses. Under the act, a debt collector is a person who uses interstate commerce or mails in any business the principal purpose of which is the collection of any debts.[3] The trust is not a debt collector because mortgage companies collecting debts are not debt collectors, and the principal purpose of the trust is not to collect debts.[4]

---

[1] *Farrey v. Sanderfoot*, 111 S.Ct. 1829, 500 U.S. 298 (1991).
[2] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).
[3] 15 U.S.C. § 1692 (a)(6).
[4] *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (5th Cir. 2007) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).).

The letters attached to Sirls's affidavit are appropriately related to the default status of the mortgage loan and the information related to foreclosure. The collection efforts about which Sirls complains were efforts to pursue a mortgage lien, and the act does not apply to such claims because foreclosure notices are not collection contacts. Contrary to Sirls's belief, information about foreclosure is – at worst – an unwelcome reminder, but it is not harassment.

6.  Conclusion.

Sirls's theories amount to three meretricious reasons she should have a free house. She borrowed money to purchase it, and refused to repay it. She has lived cost free in her house for nearly seven years. Diane M. Sirls will take nothing from Christiana Trust.

Signed on February 27, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge